Case 4:24-cv-00439   Document 1-3   Filed on 02/06/24 in TXSD   Page 1 of 10

1/11/2024 1:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 83326484
By: Cynthia Clausell-McGowan
Filed: 1/11/2024 10:48 AM

|  |  |  |
|---|---|---|
| CAUSE NO. _____ | | |
| JULIAN ASCIONE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| SIGMA ALPHA EPSILON, TEXAS RHO CHAPTER HOUSE CORPORATION, SIGMA ALPHA EPSILON, TEXAS RHO CHAPTER, BRENT BECHTOL, AND JACK FERRUZO | § § § § § § § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Julian Ascione, hereinafter "Plaintiff", complaining of and about Defendants, Sigma Alpha Epsilon, Texas Rho Chapter House Corporation, Sigma Alpha Epsilon, Texas Rho Chapter, Brent Bechtol, and Jack Ferruzo, and for cause of action would show the following:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $250,000.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $1,000,000 and not more than $5,000,000.

### PARTIES

3. Plaintiff, Julian Ascione, is an individual and resident of Travis County, Texas. Plaintiff has not been issued a driver's license or a Social Security number.


Plaintiff's Original Petition


EXHIBIT B-1

4. Sigma Alpha Epsilon, Texas Rho Chapter House Corporation is a domestic company doing business in the state of Texas. Defendant owned the premises in question. Defendant may be served by serving its registered agent, Cogency Global, Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201, or wherever the agent may be found.

5. Sigma Alpha Epsilon, Texas Rho Chapter, formerly known as Texas Rho Fraternity Corporation, is a domestic nonprofit company doing business in the state of Texas. Defendant may be served by serving its registered agent, Cogency Global, Inc., at 1601 Elm Street, Suite 4360, Dallas, Texas 75201, or wherever the agent may be found.

6. Defendant, Brent Bechtol, is an individual and resident of Texas. Defendant was the Sigma Alpha Epsilon, Texas Rho Chapter Advisor. Defendant may be served at his residence at 3603 Sunset Blvd., Houston, Texas 77005, or wherever he may be found.

7. Defendant, Jack Ferruzo, is an individual and resident of Texas. Defendant was the Sigma Alpha Epsilon, Texas Rho Chapter President. Defendant may be served at his residence at 311 Shasta Drive, Houston, Texas 77024, or wherever he may be found.

## NOTICE

8. To the extent any named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against that Defendant pursuant to the Rule 28 of the Texas Rules of Civil Procedure. Plaintiff demands that upon answering this suit, Defendant answer in its correct legal and assumed name.

## JURISDICTION & VENUE

9. Jurisdiction is proper because the subject matter in controversy

exceeds the minimum jurisdictional limits of this Court.

10. Venue in Harris County is proper as to Defendants Brent Bechtol and Jack Ferruzo, because it is their county of residence at the time Plaintiff's cause of action occurred. Consequently, venue is proper as to all the Defendants for Plaintiff's cause of action arising out of the same occurrence.

## FACTS

11. Sigma Alpha Epsilon, Texas Rho Chapter House Corporation, Sigma Alpha Epsilon, Texas Rho Chapter, Brent Bechtol, and Jack Ferruzo (hereafter collectively referred to as "Defendants"), possessed, owned, and controlled the premises located at 2414 Pearl Street, Austin, Texas 78705. Defendants also controlled, disciplined, and had authority over the Texas Rho Chapter fraternity members.

12. Julian Ascione, was an international exchange student at the University of Texas at Austin. Plaintiff was studying medical science with a major in biology.

13. On or about March 3, 2023, Julian Ascione and his date went to an open party put on by Sigma Alpha Epsilon fraternity [Texas Rho Chapter] at the fraternity house located at 2414 Pearl Street, Austin, Texas 78705. Plaintiff had twice previously attended parties at the fraternity house, without incident. There were about a hundred people at the party. There was no fee at the door and there were no signs or any other indication that entry was restricted.

14. There was a large quantity of alcoholic beverages available at the party. Plaintiff and his date entered, got a drink, and went outside into the backyard. When Plaintiff's date left to go to the bathroom, Plaintiff was approached by two fraternity members who instructed him to leave the party.

Plaintiff's Original Petition                                                                                              Page 3

Certified Document Number: 112199179 - Page 3 of 9

Plaintiff said yes and asked if it would be OK if he waited for his girlfriend to return from the bathroom. He was told it would be alright. Plaintiff had express permission to remain at the party.

15. While waiting for his date, Plaintiff was approached by a different group of four or five fraternity members who demanded that he "*Get the fuck out.*" Plaintiff explained that he had permission to wait for his date. The group appeared intoxicated and were getting aggressive. One of the fraternity members said to take the discussion outside, as the group moved Plaintiff out to the parking area. It was at this time that he was attacked by the fraternity members. Plaintiff was struck in the face and taken to the ground. Plaintiff's leg was dislocated, ligaments were broken, his tibia fractured, and his nose broken. The group of men hit, kicked, and pummeled Plaintiff in the face and about his body. When the assault was over, the fraternity boys refused to call an ambulance and instead told Plaintiff to walk home. Plaintiff, whose leg was broken, called an ambulance and was transported to the hospital. As a result of the assault, Plaintiff underwent several surgeries and physical therapy. He will likely require additional surgeries in the future.

16. Nothing that Plaintiff did or failed to do was a proximate cause of the incident in question or Plaintiff's resulting injuries.

## PREMISES LIABILITY

17. Defendants are liable under a theory of premises liability. On the date in question, Defendants owned, possessed, and controlled the Sigma Alpha Epsilon, Texas Rho Chapter fraternity house and the premises located at 2414 Pearl Street, Austin, Texas 78705.

18. On the date in question, Plaintiff was on Defendant's premises as a licensee, as that term is defined. He was on the premises waiting for his

Certified Document Number: 112199179 - Page 4 of 9

friend to return from the bathroom, with Defendants' knowledge and express permission.

19. A condition on Defendant's premises posed an unreasonable risk of harm. Specifically, the Fraternity made large quantities of alcoholic beverages openly available for consumption (and over consumption) by party attendees, including underage fraternity members. Defendants knew or reasonably should have known of the dangerous condition which openly available alcoholic beverages presented. Defendants had a duty to use reasonable care to ensure that the premises did not present a danger to Mr. Ascione and other attendees. This includes the duty to comply with and enforce Texas law, as well as the Health & Safety Policies of Sigma Alpha Epsilon.

20. Defendants breached the duty of reasonable care by having large quantities of alcoholic beverages openly available for consumption by party attendees, without regard to the attendee's age, or the amount consumed, a violation of Texas law, as well as the Health & Safety Policies of Sigma Alpha Epsilon.

21. Defendants' breach proximately caused injury to Mr. Ascione, which resulted in his damages as described below. Plaintiff seeks damages within the jurisdictional limits of this Court.

## NEGLIGENCE

22. Defendants, individually and acting through their agents and members, had a legal duty to exercise the ordinary care of a reasonably prudent landowner, Fraternity Chapter, Fraternity Chapter Advisor, and Fraternity Chapter President, under the same or similar circumstances. Defendants' breach of duty included, but was not limited to:

1. Indiscriminately making large quantities of alcoholic beverages available for underage consumption and over consumption;
2. Failing to monitor alcohol consumption;
3. Failing to enforce state law as well as the Health & Safety Policies of Sigma Alpha Epsilon regarding alcohol consumption;
4. Failing to monitor the party;
5. Failing to monitor, supervise, and/or control fraternity members;
6. Failing to maintain adequate security;
7. Failing to call security to handle a perceived trespasser;
8. Failing to properly position security on the premises;
9. Failing to prevent the assault, or intervene in the assault; and
10. Generally failing to take any action to prevent injury to Julian Ascione and others.

23. Each of the Defendants' acts and omissions, singularly or in combination with others, constituted negligence that proximately caused injury to Julian Ascione, as described below. Plaintiff seeks damages within the jurisdictional limits of this Court.

## DAMAGES

24. As a proximate result of the incident described above, Julian Ascione suffered multiple personal injuries. Mr. Ascione sustained severe injuries to his face, legs, and body generally. His injuries included a broken nose, dislocated leg, and a fracture to his tibia. He underwent several surgeries and in all reasonable medical probability will need additional surgeries in the future. As a result of his injuries Julian Ascione was unable to continue with his studies and was forced to drop out of college for the Spring Semester, and could only take one course the following term. Julian Ascione has suffered

severe physical pain and suffering, mental anguish, disfigurement, impairment and disability, and in all reasonable probability, he will continue to suffer mental anguish, physical pain and suffering, disfigurement, impairment, and disability in the future, if not for the rest of his life. Julian Ascione has incurred reasonable and necessary medical bills as a result of necessary medical treatment for his injuries, and in all reasonable probability, Julian Ascione will continue to incur reasonable and necessary medical treatment and medical bills in the future. In all reasonable probability, Julian Ascione's disability / physical impairment will negatively impact his future employment and result in a loss of future earning capacity.

25.  All of the above damages were proximately caused by the negligence of Defendants.

26.  By reason of all of the above, Julian Ascione has been damaged in an amount within the jurisdictional limits of the Court.

## GROSS NEGLIGENCE

27.  In addition, Defendants' conduct at the time of the incident made the basis of this lawsuit constituted gross negligence as that term is defined. Tex. Civ. Prac. & Rem. Code § 41.001(11). Julian Ascione seeks exemplary damages from Defendants in an amount within the jurisdictional limits of the Court.

## JURY DEMAND

28.  Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## OBJECTION TO ASSOCIATE JUDGE

29.  Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

Certified Document Number: 112199179 - Page 7 of 9

## RULE 193.7 NOTICE

30. Pursuant to Tex. R. Civ. P. Rule 193.7, Plaintiff hereby gives notice that all documents produced by Defendants may be used at pretrial proceedings or at the trial of this matter.

## PRAYER

31. For these reasons, Plaintiff asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for actual damages, exemplary damages, prejudgment interest and post judgment as provided by law, court costs, and all other relief to which Plaintiff is entitled.

Respectfully submitted,

*/S/ Clayton Rawlings*
Clayton Rawlings
State Bar No. 16589900
Email: clayrawlings@aol.com
Keith Hampton
State Bar No. 08876500
Email: rkh72@aol.com
Hampton & Rawlings
5020 Montrose Blvd., Suite 700
Houston, Texas 77006
Tel: 713-520-7701
Fax: 713-520-8612

*Attorney for Plaintiff, Julian Ascione*

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrew Yokopovich on behalf of Andrew Yokopovich
Bar No. 22158500
yokopovich@aol.com
Envelope ID: 83326484
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 1/11/2024 2:29 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Andrew PYokopovich | | yokopovich@aol.com | 1/11/2024 1:28:19 PM | SENT |
| Clayton RRawlings | | clayrawlings@aol.com | 1/11/2024 1:28:19 PM | SENT |
| Robert KHampton | | rkh72@aol.com | 1/11/2024 1:28:19 PM | SENT |
| Service Hampton & Rawlings | | hampton.rawlings@gmail.com | 1/11/2024 1:28:19 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 1, 2024

Certified Document Number:        112199179 Total Pages:  9

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**